# Exhibit A



ELECTRONICALLY FILED
5/7/2024 10:02 AM
71-CV-2024-900052.00
CIRCUIT COURT OF
COFFEE COUNTY, ALABAMA
AMY L. REEVES, CLERK

# IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA

| | |
|---|---|
| **DESTINY CLEANING SERVICES, LLC.;** **TIMOTHY WILLIAMS,** | |
| Plaintiff(s), | **CASE NO.:** |
| v. | **JURY DEMANDED** |
| **BEN. E. KEITH COMPANY,** a foreign corporation; **SCOTT DAVISON**, an Individual; **KALEB RICHARDS,** an Individual; and **Fictitious Defendants A, B, and C**, refer to that person, individual operators, board of directors, presidents, or Chief Executive Officer (CEO), Chief Operating Officer (COO), firm, corporation, and any Management company holding any assets of named corporate defendants, and **Fictitious Defendants D, E, and F** or any other legal or government entity who negligently and/or wantonly acted or contributed to the allegations averred by Plaintiffs, at all-time material hereton; **Fictitious Defendants G, H, and I**, refer to any other person, firm, corporation, and **BEN E. KEITH COMPANY** or any other legal or government entity who negligently and/or wantonly failed to hire, train or supervise any of named individual defendants, named corporate defendants, or other fictitious party(s), who allegedly contributed to the allegations averred by Plaintiffs; **Fictitious Defendants J, K, and L**, refer to that person, firm, corporation, or other legal or government entity who had knowledge of or conspired with any of named individual defendants, named corporate defendants or other fictitious party(s), and **Fictitious Defendants M, N, and O** or any other legal entity who negligently and/or wantonly acted or contributed to the allegations avered by Plaintiffs; **Fictitious Defendants P,** | |

1

**Q, and R**, refer to that person, firm, corporation or other legal or government entity whose negligent and/or wanton conduct or omission, contributed to or directly resulted in the allegations averred by Plaintiffs; **Fictitious Defendants S, T, and U**, refer to that person, firm, corporation, or other legal or government entity who intentionally and knowingly acted in a knowingly deceitful or fraudulent manner to contribute or directly result in the allegations averred by the Plaintiffs; **Fictitious Defendants V, W, and X,** refer to those local, regional, or national managers, supervisors and/or employee, or agents of **Fictitious Defendants Y, Z, and AA** or fictitious party(s), whose negligence and/or wanton conduct contributed to the allegations averred by the Plaintiff, and whose negligence and/or wanton conduct, combined and concurred with the negligent and/or wanton conduct of other defendants to proximately cause the breach of contract and other damages set forth in this complaint; **Fictitious Defendants BB, CC, and DD**, refer to that person, firm, corporation or other legal or government entity whose breach of contract, negligent and/or wanton conduct and gross mismanagement allowed Plaintiffs to incur damages as a result of the allegations set forth in this complaint; **Fictitious Defendants EE, FF, and GG,** refer to that person, firm, corporation or other legal or government entity who negligently and/or wantonly failed to have in place a policies, protocols, procedures, or rules regarding the management of contracted individuals and companies, and who had a responsibility to ensure no valid contracts were broken, so as to prevent the damages as a result of the allegations set forth in this complaint; **Fictitious Defendants HH, II, and JJ**, refer to that person, firm, corporation, or other legal or government entity known and doing business as **Fictitious Defendants KK, LL, and MM**,**,** or other legal or government entity, its agents and employees whose breach of contract and

| | |
|---|---|
| other allegations avered by the Plaintiffs resulted in damages as a result of the allegations set forth in this complaint; **Fictitious Defendants A through MM,** are fictitious parties whose current name and true identities are presently unknown to the Plaintiffs and will be correctly named and substituted when ascertained.<br><br>**Defendant(s).** | |

## COMPLAINT

**COMES NOW**, the undersigned counsel on behalf of Plaintiff, Destiny Cleaning Services, LLC and Timothy Williams, and files this Complaint against the Defendant, Ben E. Keith Company, Scott Davison, and Kaleb Richards, in this matter, and in support thereof, respectfully shows unto this Honorable Court as follows:

### PARTIES

1. Plaintiff Timothy Williams ("Williams" or "Mr. Williams"), is an adult individual, above the age of 19, and is a resident of the State of Alabama, Coffee County. Plaintiff is also the owner of Destiny Cleaning Services, LLC ("Destiny"), a domestic corporation with its principal place of business in Elba, Alabama.

2. Defendant Ben E. Keith Company ("BEK"), is a foreign corporation and has its primary place of business in the State of Texas, with a location in Elba, Alabama.

3. Defendant Scott Davison ("Davison"), is an adult resident of the State of Alabama, and upon information and belief, is the Regional Manager at the Ben E. Keith facility, also known as Keith Valley Packing Company - Southeast.

4. Defendant Kaleb Richards ("Richards"), is an adult resident of the State of Alabama, and upon information and belief, is the Assistant Manager at the Ben E. Keith facility, also known as Keith Valley Packing Company - Southeast.

### THE FACTS

5. Plaintiff Timothy Williams formed Destiny Cleaning Services, LLC in 2018.

3

6. Destiny has been recognized as a minority business operating in the State of Alabama.

7. The primary purpose of the business is to provide commercial cleaning services to businesses in and around Elba, Alabama which is located in Coffee County.

8. In or around the summer of 2020, Destiny was awarded a contract with Keith Valley Packing Company for commercial cleaning services.

9. Defendant Ben E. Keith Company is a large corporation with sites throughout the United States, with one such facility located in Elba, Alabama. In addition to its large national presence, Ben E. Keith Company works for and is contracted with the State of Alabama to provide various services to the State.

10. Destiny maintained this contract for more than 3 years, receiving numerous commendations for work ethic, timeliness, and professionalism.

11. Destiny has never received any complaints from management regarding its cleaning services being performed under its contract.

12. Plaintiff Williams is a life-long resident of Elba, Alabama and a descendant of residents of the Shiloh Community.

13. As an active member of his community, Pastor Williams has been an advocate for social and economic justice for the residents of the Shiloh Community.

14. Plaintiff is also the pastor of a local church.

15. The State of Alabama began a construction project in Coffee County approximately 6 years ago to expand and elevate Highway 84 from 2 lanes to 4 lanes.

16. Immediately during and following construction of the highway, the Shiloh Community, a historic African American community, immediately began to experience severe flooding as a result of the construction.

17. As the flooding persisted, Residents of the community turned to Mr. Williams for help in seeking help from the State to resolve the severe flooding problem caused by the construction.

18. Residents of the Shiloh Community began to petition the State and other authorities to help address the concerns of the community.

19. In addition to contacting the State, residents, including Mr. Williams, reached out to the Federal Government, specifically the United States Department of Transportation,

including filing a Title VI complaint.

20. After multiple attempts to contact the State, officials failed to respond to multiple requests for help.

21. The residents of the Shiloh Community began a concerted effort to bring attention to the severe flooding affecting the community. They began contacting the local media which ran several stories about the severe flooding caused by the State of Alabama's highway construction project.

22. As the pressure mounted on the State officials for their inaction, Mr. Williams began to receive ominous signs that his contract was in jeopardy at the state contractor, Defendant Ben E. Keith Company - Keith Valley facility.

23. One such occurrence took place when Williams noticed a substantial amount of money directly deposited into his bank account in the amount of $200k, presumably from Ben E. Keith.

24. Once Willimas noticed this large deposit, he immediately contacted management at Ben E. Keith and informed them of this discrepancy.

25. Management informed Mr. Williams that he need not worry about the deposit.

26. After receiving this information, Mr. Williams then contacted the corporate office of Ben E. Keith to speak with someone who could help him return the money.

27. After multiple attempts, Plaintiff Williams was finally able to speak with someone who informed him that the transaction was a mistake, and directed him how to transfer the money back to Ben E. Keith.

28. Shortly after this transaction, Mr. Williams was informed that his services were no longer needed and his contract was terminated.

**COUNT I**

**BREACH OF CONTRACT**

29. The proceeding paragraphs above are incorporated by reference as if fully set forth herein.

30. Plaintiff Destiny (and Williams) had a validly binding contract for professional cleaning services at the Ben E. Keith Company facility, Keith Valley Packing Company -

5

Southeast for multiple years.

31. The Plaintiff continued to fulfill the terms of the contract, and received numerous commendations for his hard work and professionalism.

32. The Defendant Ben E. Keith breached the terms of the contract by canceling the contract, presumably because of Williams advocacy, not for his performance under the contract.

33. Due to the Defendants breach, Williams and Destiny were caused to suffer damages, including lost revenue, based on the terms of the contract.

## COUNT II

## RETALIATION

34. The proceeding paragraphs above are incorporated by reference as if fully set forth herein.

35. Plaintiff had a binding contract with Defendant Ben E. Keith.

36. Defendants, by and through their employees and/or agents, engaged in forms of retaliation because Mr. Williams was a vocal advocate for his community, and he was speaking against the State of Alabama (a large customer of Ben E. Keith) and the highway construction project.

37. Due to Mr. Williams advocacy, Defendant Ben E. Keith tried to silence Mr. Williams by transferring a large amount of money, presumably "Hush Money," to stop Mr. Williams from advocating for himself and residents of the Shiloh Community.

38. After Williams rejected the money, he was directed to transfer the money back to a bank chosen by Ben E. Keith Company.

39. Mr. Williams was also subjected to threats by management from Ben E. Keith Company for refusing to accept the money, and at one point was accused of coordinating and orchestrating the large transfer.

40. Once the money was received back from Mr. Williams, Defendant BEK terminated the contract Destiny had with BEK in retaliation for him not accepting the money and refusing to remain silent.

41. Because of the Defendants retaliation, Plaintiff was caused to suffer damages in the

form of future earnings, damage to Destiny's reputation within the community, and loss of other contracts that were associated with Ben E. Keith Company.

## COUNT III

### CONSPIRACY

42. The proceeding paragraphs above are incorporated by reference as if fully set forth herein.

43. The individual defendants, including fictitious parties, reached a mutual understanding and conspired with each other to violate Plaintiff's rights under the terms of his contract.

44. In furtherance of the conspiracy, the Defendants began a concerted effort to provide "hush money" to Williams to get him to cease his advocacy activities.

45. When Williams refused the money and refused to be silenced, Defendants conspired to have Mr. Williams terminated from his contract with Defendant Ben E. Keith.

46. As a direct and proximate result of the conspiracy among and between all Defendants and Fictitious Parties, Plaintiff lost the contract and was caused to suffer damages, including economic and emotional harm.

## COUNT IV

### NEGLIGENCE

47. The proceeding paragraphs above are incorporated by reference as if fully set forth herein.

48. Defendants had a duty to Plaintiff to handle the contract with Plaintiff in a manner as not to negligently interfere with the business relationship between Plaintiff and Defendants.

49. Defendants breached that duty by allegedly conspiring with named and unnamed co-conspirator Defendants to silence Plaintiff by offering hush money and ultimately terminating his contract.

50. As a result of the breach, Plaintiff was caused to suffer economic losses and damage to his business reputation.

7

51.     Plaintiff was caused to suffer economic, emotional, and reputational damages.

**WHEREFORE**, **PREMISES CONSIDERED**, Plaintiff demands judgment against Defendants in an amount which the Court deems appropriate, to include compensatory and punitive damages, attorney's fees, and costs of this action. Plaintiffs pray for such other, further and different relief to which she is entitled.

*Respectfully* submitted this 7th day of May, 2024.

/s/ *Johnathan F. Austin (AUS023)*
Johnathan F. Austin
Attorney for Plaintiff

**OF COUNSEL:**
AUSTIN LAW, P.C.
P.O. Box 321173
Birmingham, AL 35212
O: 205-538-0169
austin@jaustinlawpc.com


**Please serve Defendant by certified mail at the following address(es):**

**BEN E. KEITH COMPANY**
601 EAST 7TH STREET
FORT WORTH, TX 76102
C T CORPORATION SYSTEM
2 NORTH JACKSON STREET STE 605
MONTGOMERY, AL 36104

**KEITH VALLEY PACKING COMPANY - SOUTHEAST**
1700 LOWER CURTIS RD
ELBA, AL 36323

**SCOTT DAVISON (REGIONAL MANAGER, LOCAL)**
1700 LOWER CURTIS RD
ELBA, AL 36323
C T CORPORATION SYSTEM
2 NORTH JACKSON STREET STE 605

8

MONTGOMERY, AL 36104

**KALEB RICHARDS (ASSISTANT MANAGER),**
1700 LOWER CURTIS RD
ELBA, AL 36323
C T CORPORATION SYSTEM
2 NORTH JACKSON STREET STE 605
MONTGOMERY, AL 36104