IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DESTINY CLEANING SERVICES, LLC, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CASE NO. 1:24-cv-329-ECM ) [WO] |
| BEN E. KEITH COMPANY, *et al.*, | ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

Plaintiffs Destiny Cleaning Services, LLC ("Destiny") and Timothy Williams ("Williams") (collectively, "Plaintiffs") brought this action in state court against Defendants Ben E. Keith Company ("BEK"), Scott Davison ("Davison"), and Kaleb Richard ("Richard") (collectively, "Defendants"), asserting state law claims against the Defendants arising out of the termination of a contract between Destiny and BEK. BEK removed the case to this Court, asserting diversity jurisdiction. (Doc. 1). BEK filed a counterclaim against the Plaintiffs (doc. 2), and it later filed a motion for entry of default (doc. 19). Davison and Richard moved for dismissal from the case on the grounds that they were fraudulently joined.[1] (Doc. 10). Subsequently, the Plaintiffs moved to remand the case to state court (doc. 24) and also moved for an enlargement of time to respond to BEK's counterclaim (doc. 23).

---

[1] The Plaintiffs (Destiny and Williams), Davison, and Richard are all Alabama citizens.

On February 13, 2025, the Magistrate Judge entered a Recommendation that Davison and Richard's motion to dismiss be granted, the Plaintiffs' motion to remand be denied, BEK's motion for entry of default against the Plaintiffs be denied, and the Plaintiffs' motion for enlargement of time be granted. (Doc. 34). The Plaintiffs timely filed objections to the Recommendation. (Doc. 36).

After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and the Plaintiffs' objections, and for the reasons explained below, the Court concludes that the Plaintiffs' objections are due to be overruled, and the Magistrate Judge's Recommendation is due to be adopted.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. See *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review

of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error.

The Court has carefully reviewed the Plaintiffs' objections. (Doc. 36). To the extent the Plaintiffs assert general or conclusory objections, those objections are reviewed for clear error and are due to be overruled.

The Plaintiffs first object to the Magistrate Judge's conclusion that Davison and Richard were fraudulently joined. They contend, in conclusory fashion, that their complaint "asserts specific allegations that Davison and Richard . . . participated in the wrongful acts underlying Plaintiffs' claims." (Doc. 36 at 2). This objection amounts to little more than a restatement of arguments previously raised and considered by the Magistrate Judge, and the Plaintiffs fail to demonstrate that the Magistrate Judge erred in his reasoning or conclusions. Contrary to the Plaintiffs' assertion, the Magistrate Judge set out and applied the correct legal standard for evaluating claims of fraudulent joinder. (*See, e.g.*, doc. 34 at 5; *id.* at 6 ("There is no possibility . . . that Davison or Richard could be liable on Plaintiffs' stated breach of contract claim.")). Consequently, this objection is due to be overruled.

The Plaintiffs also object to the Magistrate Judge's rejection of the Plaintiffs' attempt to construe their retaliation claim as an intentional interference with business relations claim. They do not dispute the Magistrate Judge's finding that their complaint makes "no direct or implied reference to the elements" required for an intentional interference with business relations claim. (*See* doc. 34 at 7). They also do not dispute that

3

the Court's fraudulent joinder determination "should be made based upon the [Plaintiffs'] pleading at the time of removal." (*Id.*) (quoting *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989)).  The Plaintiffs argue, however, that the substance of the claim, not the title, controls.  They further assert, in conclusory fashion, that their allegations "meet the elements of an intentional interference with business relations claim." (Doc. 36 at 2).  The Plaintiffs fail to show that the Magistrate Judge erred in his reasoning or conclusion with respect to this claim.  Consequently, this objection is due to overruled.

Accordingly, upon an independent review of the record, and for good cause, it is

ORDERED as follows:

1. The Plaintiffs' objections (doc. 36) are OVERRULED;

2. The Magistrate Judge's Recommendation (doc. 34) is ADOPTED;

3. The Plaintiffs' motion to remand (doc. 24) is DENIED;

4. Davison and Richard's motion to dismiss (doc. 10) is GRANTED, and Davison and Richard are DISMISSED as parties to this action;

5. BEK's motion for entry of default (doc. 19) is DENIED;

6. The Plaintiffs' motion for an enlargement of time to respond to BEK's counterclaim (doc. 23) is GRANTED, and the Plaintiffs' answer (doc. 35) filed on February 27, 2025, is ACCEPTED as timely filed;

7. This case is REFERRED back to the Magistrate Judge for further proceedings.

4

DONE this 3rd day of March, 2025.

                                    /s/ Emily C. Marks
                              EMILY C. MARKS
                              CHIEF UNITED STATES DISTRICT JUDGE